# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 21-664V**

LISA BREWER,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: July 6, 2026

*Courtney C. Jorgenson, Siri & Glimstad, LLP, Phoenix, AZ, for Petitioner.*

*Tyler King, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On January 12, 2021, Lisa Brewer filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") after receiving an influenza vaccination on October 21, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 7, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On July 6, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $66,080.44, comprised of $52,500.00 for pain and suffering, $600.00 for past unreimbursable expenses, and $12,980.44 for lost wages. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $66,080.44, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| LISA BREWER,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | ) | No. 21-664V<br>Chief Special Master Corcoran<br>ECF |

**PROFFER ON AWARD OF COMPENSATION**[1]

On January 12, 2021, Lisa Brewer ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to34 ("Vaccine Act" or "Act"), as amended. Petitioner alleged that she received a flu vaccine in her right arm on October 21, 2020, and thereafter developed a shoulder injury related to vaccine administration ("SIRVA"), a Table injury. *See* Petition at 1. On July 7, 2025, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.[2] ECF No. 57.

## I. Items of Compensation

Based on the evidence of record, respondent proffers that petitioner should be awarded the following:

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

[2] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's July 7, 2025 Ruling on Entitlement, finding petitioner entitled to an award under the Vaccine Act. This right accrues following the issuance of the Damages Decision.

A. Pain and Suffering

Respondent proffers that petitioner should be awarded **$52,500.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B. Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$600.00**. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

C. Lost Earnings

Evidence supplied by petitioner documents that she incurred lost earnings related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past lost wages in the amount of **$12,980.44 in lost wages**. *See* 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

The above amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award/Recommended Payments

The parties recommend that compensation provided to petitioner should be made through a lump sum payment described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[3]

A. A lump sum payment of **$66,080.44** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Lisa Brewer.

Petitioner is a competent adult. Proof of guardianship is not required in this case.

---

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future pain and suffering.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

/s/ *Tyler C. King*
TYLER C. KING
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-0730
Tyler.King@usdoj.gov

Dated: July 6, 2026

## CERTIFICATE OF SERVICE

I certify that today, July 6, 2026, a copy of the foregoing pleading was served by electronic mail to Courtney Jorgenson at Cjorgenson@sirillp.com.

s/ Tyler King